IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK DURAN,

          Plaintiff,
vs.                                        CIVIL NO.  02-1210 LH/LFG

CITY OF ALBUQUERQUE
and ALBERT MARQUEZ,

          Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO COMPEL AMENDED ANSWERS**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Amended Answers to Interrogatories Nos. 2-8, 10-11, 13-17 and 19-20 [Doc. 35].  Defendants City of Albuquerque and Albert Marquez ("Defendants") filed their response in opposition, and the Court has considered Plaintiff Patrick Duran's ("Duran") reply.  The Certificate of Completion alerting the Court that briefing was complete was filed May 14, 2003 [Doc. 42].  Oral argument is not necessary.

**Threshold Consideration**

Defendants argue that Duran failed to comply with mandatory requirements under the district's local rules to confer in good faith in an effort to resolve disputes prior to the filing of a motion. Defendants contend that Duran faxed a letter to them at 7:53 p.m. on a Friday night setting out the disputes in question.  The response time established by Duran to resolve the dispute was set for 3:30 p.m. on Monday, March 31, 2003.  Defendants state that the faxed letter was not received until Monday morning, March 31, 2003, and they immediately faxed a letter to Duran's attorney stating:

> Because of the time of day and date you sent me your objections, I have not had a sufficient opportunity to confer with you, as required by the rules, to see if we can resolve the issues . . . .
>
> I will not be able to respond to your objections by 3:30 p.m. today. Moreover, I do not believe that you are acting in good faith by giving the City 7 ½ hours to respond to your objections . . . .
>
> I am in the process of responding point by point to your objections to the City of Albuquerque's Responses to Interrogatories. To date, I have not received your objections to the City of Albuquerque's Responses to the Requests for Production. Once you send me those objections, I will respond to those accordingly. . . .

While the letter was not provided to the Court as part of the present motion package, Duran's attorney sent some items of correspondence to Defendants on March 31, 2003 concerning the dispute. The City responded by supplementing its previously submitted responses and inviting Duran's counsel's participation in a further discussion in an attempt to resolve remaining disputes. Unbeknownst to Defendants, Duran filed the motion to compel on the same date, April 7, 2003.

### **Analysis**

The Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.* and the companion amendments to the Federal Rules of Civil Procedure in 1993 and 2000 evidence an intent to simplify and expedite the litigation process. Taken together, the CJRA and the amended rules seek to eliminate delay and reduce costs of litigation by making many aspects of discovery automatic. For example, the initial disclosures under Rule 26 were intended to provide each side with basic information about claims and defenses without having to await discovery requests. Service of process rules were modified to encourage parties to accept service and thereby expedite the commencement of litigation and reduce the costs of using process servers. Significant limitations on discovery, including the numbers of depositions which could be taken, the length of the depositions, the

prohibition against re-depositions in the absence of court approval, and limitations on the numbers of interrogatories all signal an intent by Congress to make the discovery process far more efficient and less expensive.

The revised rules of civil procedure provide multiple opportunities for counsel to meet with one another so as to confer in good faith regarding many aspects of the case. The "meet-and-confer" requirements of Rule 26 contemplate an open discussion of claims and defenses, discovery needs and scheduling in an effort to resolve disputes early on and minimize the need for court involvement in matters which could be resolved by counsel. The Rule 16 scheduling conference provides counsel another opportunity for a face-to-face meeting to discuss claims and defenses, narrow issues, consider settlement and plan for the management and ultimate disposition of the case.

So, too, Rule 16 status conferences bring the parties together on one additional occasion to discuss the issues in the case, including claims and defenses and to resolve disputes before they rise to the level of formal motion practice. Also, the revised rules contemplate mandatory settlement conferences and extensive uses of alternative dispute resolution mechanisms to accomplish the two-pronged goals of the CJRA, that is to expedite the ultimate disposition of litigation and to reduce costs.

As part of this proposed cooperative process, Rule 37(a)(2) of the federal rules requires parties to confer in good faith in an effort to resolve issues prior to seeking judicial intervention. The Southern District of New York trial court described the conference requirement as follows:

> Rule 37(a)(2)(A) & (B) requires the attorneys to confer in good faith in an effort to resolve or narrow all discovery disputes before seeking judicial intervention. "Confer" means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining, without regard to technical interpretation of the language

3

> of a request (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention. The exchange of letters between counsel stating positions "for the record" shall not be deemed compliance with this requirement or, with Rule 37(a)(2)(A) & (B).

Krishnakymar v. Dunkin Donuts, 200 WL 1838319 at *1 (S.D.N.Y. Dec. 12, 2000)(relying on Apex Oil Co. v. Belcher, 855 F.2d 1009, 1019 2D (2d Cir. 1988)).

The intent of Rule 37 is patent. If parties confer and cooperate with one another, disputes can be narrowed and, through the cooperative process, requisite information needed for the claims and defenses can be produced without the cost and expense involved in formal motion practice and without requiring the court to intervene in disputes which reasonable parties should be able to resolve. Thus, the two-pronged goals of the Civil Justice Reform Act, that is, reductionof costs and elimination of delay, can be accomplished.

In this case, when Duran sent the facsimile request to Defendants, defense counsel immediately sought ways to resolve the dispute and submitted supplementary information which caused much of the dispute to be moot. Moreover, defense counsel invited, without success, Duran's cooperation in further discussing the issues in an effort to see if they could be resolved. Had the parties actually conferred as required by Rule 37, it is likely that the majority of the matters raised in Duran's present motion could have been resolved.

In Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D. Kan. 1999), a case arising within the Tenth Circuit, a party filed a motion and supporting memorandum to compel discovery. The trial court stated:

> The motion and supporting memorandum, furthermore, reveal no efforts to confer in good faith. Plaintiff has filed no separate certification of compliance with the conference requirements of District of Kansas Rule 37.2. She otherwise shows no compliance with the conference requirement. Had counsel put forth adequate efforts to confer, the present dispute may have been resolved. Accordingly, the Court declines to entertain and thus overrules the motion . . . .

What occurred in Hertenstein is very similar to the motion before this Court. Duran did not certify the steps taken to resolve the dispute because it appears that no steps were taken. The demand was faxed to defense counsel after working hours on a Friday evening and the "drop dead" deadline was less than seven hours away from defense counsel's receipt of the letter. Defense counsel immediately sought to invite discussion and a good-faith conference to resolve the dispute.

It is unclear what Duran's counsel did in response as that letter is not before the Court, but the response letter clearly shows that there had previously been no meaningful attempt to resolve the dispute. Still, Defendants supplemented responses and invited further discussions to resolve remaining issues. Rather than accept defense counsel's invitation, Duran filed this motion.

Duran may argue that his letter of March 27, which was faxed on March 28, or the follow-up letter (the contents of which is not before the Court) constituted an attempt to resolve the dispute. That position, however, was rejected by a court within this district. In Lintz v. American General Finance, 1999 WL 450197 at *1 (D. Kan. 1999), the court stated:

> Plaintiffs have provided no separate certification. The motions, supporting briefs, and attached exhibits reveal only inadequate efforts to confer in good faith. For each motion, their attempt to confer consists of a single letter from counsel for Plaintiff to defense counsel. One letter does not satisfy the duty to confer. Id.; Ballou v. Univ. of Kansas Medical Center, 159 F.R.D. 558, 560 (D. Kan. 1994). The letter regarding the third motion to compel informed Defendants, furthermore, that Plaintiffs would file a motion to compel, if they did

5

>     not "hear from" Defendants regarding the items in dispute "by Friday,
>     December 18, 1998". . . . Defendants responded with an explanatory
>     letter by facsimile on December 18, 1998 . . . . If the additional
>     response of Defendants was unacceptable, Plaintiffs should have taken
>     further steps to resolve the dispute. The response of Defendants does
>     not transform the single letter into an adequate effort.

Taken together, the district's local rules as well as the Federal Rules of Civil Procedure impose a significant burden on parties to attempt, in good faith, to resolve disputes. It is clear that in this case, for whatever reason, Duran's counsel and defense counsel are not communicating and Duran's counsel has made inadequate efforts to confer in good faith in an attempt to resolve the disputes. This is not in keeping with the revised rules of procedure or parties' obligations under the Civil Justice Reform Act.

Duran approaches this discovery dispute with the view that the meet-and-confer requirements of the federal rules are mere suggestions. They are not. Parties are required to comply with the dictates of the rules. Here, the Court concludes the Duran failed to meet and confer in good faith in an effort to resolve the dispute, and as in <u>Hertenstein v. Kimberly Home Health Care</u>, the Court denies the motion.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge